NADAL, PLAINTIFF AND RESPONDENT, v. VIVONI ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action of Debt.

No. 1231.—Decided February 4, 1915.

EXTENSION OF TIME—BURDEN OF PROOF.—When the answer alleges that an extension of time had been granted for the payment of the debt sued for and that for that reason the debt was not due when the complaint was filed, that allegation should be proved at the trial, otherwise it cannot be held that the debt is not due.

EVIDENCE.—The allegation that the testimony of a single witness is not sufficient to prove a fact is not sustained by the provisions of the Law of Evidence.

The facts are stated in the opinion.

*Mr. Juan Quintero* for the appellants.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

Cristina C. de Nadal brought an action in the District Court of Mayagüez against José A. Vivoni as direct debtor and Quintín Ramírez as solidary surety, for the recovery of a debt of $650, United States currency, contracted in a document dated April 8, 1912, and to become due on October 8 of the same year, together with interest on the said sum from the time the complaint was filed and the costs, expenses, disbursements, and attorney's fees.

In their answer the defendants do not deny the fact of the indebtedness, but allege that the debt is not due because it

had been extended several times, the last extension expiring on December 8, 1914. The case went to trial on August 31, 1914, and the court rendered judgment as prayed for in the complaint, from which judgment the defendants appealed to this court on September 8, 1914.

In support of their appeal the appellants allege (1) that the note on which the action was brought had been renewed and therefore had not matured, wherefore an action thereon did not lie, and (2) that some of the allegations of the complaint having been denied, the lower court could not give judgment against the defendants for the payment of the amount claimed and the costs on the testimony of only one witness who had an interest in the case, because it is a principle of law that the testimony of a single witness is not sufficient to prove a fact.

The first of these grounds is absolutely without merit, for it appears from the complaint that the obligation sued on had matured, and if, as contended by the defendants in their answer, an extension had been granted and had not expired when the complaint was filed, the defendants should have proved that fact at the trial. Not having done so, they cannot claim now that the debt is not due.

As to the second ground, the allegation that the testimony of a single witness is not sufficient to prove a fact is incompatible with the provisions of the Law of Evidence, as was held by this court in the case of *Arruza* v. *Laugier et al.,* 14 P. R. R., 24.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.